IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CIBC Bank USA f/k/a The PrivateBank and Trust Company, as Administrative Agent,<br><br>    Plaintiff,<br><br>v.<br><br>JH Portfolio Debt Equities, LLC; JH Portfolio Debt Equities 2, LLC; JH Portfolio Debt Equities 4, LLC; and JH Reviver LLC,<br><br>    Defendants. | Civil Action No. 18-cv-3964<br><br>Judge John Z. Lee |

## STIPULATED ORDER FOR IMMEDIATE APPOINTMENT OF RECEIVER

This cause coming to be heard by the agreement and stipulation of the Parties relating to the Motion of Plaintiff, CIBC Bank USA f/k/a The PrivateBank and Trust Company, as Administrative Agent ("Plaintiff"), for an Order appointing receiver, the Court has considered (1) the Complaint filed by Plaintiff on June 6, 2018 and the exhibits thereto (*see* Dkt. #1), and (2) the memorandum in support of Plaintiff's Motion for Order Appointing Receiver, dated June 12, 2018, and exhibits thereto.

Based on the foregoing documents, the Court finds a proper showing, as required by Federal Rule of Civil Procedure 66 and Local Rule 66.1, has been made for the relief granted herein.

This Court has jurisdiction over the subject matter of this action and over Defendants and venue properly lies in this District.

I. <u>Appointment of Receiver</u>

**IT IS HEREBY ORDERED** that Ronald F. Greenspan (the "Receiver") is appointed to serve without bond as Receiver of the Receivership Property, as defined on <u>Exhibit A</u>. Defendants, JH Portfolio Debt Equities, LLC; JH Portfolio Debt Equities 2, LLC; JH Portfolio Debt Equities 4, LLC; and JH Reviver LLC, including their directors, members, managers, general and limited partners, subsidiaries, agents, and employees (the "Defendants") shall cooperate fully with the Receiver in the execution of his duties. The Receiver is authorized to retain FTI Consulting, Inc. ("FTI"). The Receiver and FTI are authorized to retain legal counsel on his or its behalf in connection with this appointment. With the Court's approval, the Receiver and FTI shall be compensated from the Receivership Property for all reasonable fees and costs.

II. <u>Asset Freeze</u>

   A. Except as otherwise specified herein with respect to the powers of the Receiver, all persons and entities with direct or indirect control over the Receivership Property, other than the Receiver, are restrained and enjoined from directly or indirectly transferring, seeing off, receiving, changing, selling, pleading, assigning, liquidating or otherwise disposing of or withdrawing such assets and from taking any action that would adversely affect or compromise the Receiver's interest in or control over the assets.

III. <u>General Powers and Duties of Receiver</u>

   A. Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, members, managers and general and limited partners of the Defendants with respect to the management, maintenance and control of the Receivership Property under applicable state and federal law, by the governing charters, by-laws, articles and/or agreements in addition to all

powers and authority of a receiver at equity, and all powers conferred upon a receiver by the provisions of 28 U.S.C. §§ 754, 959 and 1692, and Fed.R.Civ.P. 66.

B. The powers of any general partners, directors, members and/or managers of the Defendants with respect to the management, maintenance and control of Receivership Property are hereby suspended. Such persons and entities shall have no authority over the Receivership Property, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall have the authority to dismiss any employees, investment advisors, accountants, attorneys and other agents of the Defendants as needed to effectively execute his duties and responsibilities. The Receiver shall assume and control the operation of the Receivership Property. The Receiver is expressly permitted to provide any notices required under this Order or otherwise by electronic means.

C. No person, other than the Receiver, holding or claiming any position of the Defendants shall possess any authority to act by or on behalf of any of the Defendants with respect to the management, maintenance and control of the Receivership Property.

D. Subject to the specific provisions in Sections IV through X, below, the Receiver shall have the following general powers and duties:

    a. To use reasonable efforts to determine the nature, location and value of all Receivership Property;

    b. To take custody, control and possession of all Receivership Property and records relevant thereto from the Defendants; to sue

        for and collect, recover, receive and take into possession from third parties all Receivership Property and records relevant thereto;

c.     To manage, control, operate and maintain the Receivership Property and hold in his possession, custody and control all Receivership Property, subject to powers provided below and pending further Order of this Court;

d.     To use Receivership Property for the benefit of the Receivership Property, which, from the date of this Order and at the option of the Receiver, may be treated as a consolidated enterprise for the purpose of making payments and disbursements, including payments to professionals, and incurring expenses as may be necessary or advisable in the ordinary course of business in discharging his duties as Receiver;

e.     To take any action with respect to the management, maintenance and control of the Receivership Property which, prior to the entry of this Order, could have been taken by the officers, directors, partners, managers, trustees and agents of the Defendants;

f.     To engage and employ persons, firms, and companies in his discretion to assist him in carrying out his duties and responsibilities hereunder, including, but not limited to, accountants, attorneys, securities traders, registered representatives, financial or business advisers, liquidating agents, real estate agents, forensic experts, brokers, traders or auctioneers;

        g.    To take such action as necessary and appropriate for the preservation of Receivership Property or to prevent the dissipation or concealment of Receivership Property;

        h.    To issue subpoenas for documents and testimony consistent with the Federal Rules of Civil Procedure concerning any subject matter within the powers and duties granted by this Order;

        i.    To bring such legal actions based on law or equity in any state, federal, or foreign court as the Receiver deems necessary or appropriate in discharging his duties as Receiver; and,

        j.    To pursue, resist and defend all suits, actions, claims and demands which may now be pending or which may be brought by or asserted against the Receivership Property.

**IV. Access to Books, Records and Accounts**

    A.    The Receiver is authorized to take immediate possession of the Receivership Property, including, but not limited to, all assets, bank accounts and other financial accounts, books and records, U.S. Mail and other parcel deliveries of the Defendants and all other documents, instruments or non-attorney-client privileged communications. All persons and entities having control, custody or possession of any Receivership Property, including, but not limited to, the Defendants, are hereby directed to provide a complete accounting of and turn such property over to the Receiver. This duty remains ongoing until further order of the Court.

    B.    The Defendants and the past and/or present officers, directors, agents, managers, general and limited partners, members, shareholders, trustees,

5

attorneys, accountants and employees of the Defendants, as well as those acting in their place, are hereby ordered and directed to preserve and turn over immediately upon the Receiver's request to the Receiver forthwith all paper and electronic information of, and/or relating to the Receivership Property; such information shall include but not be limited to physical and electronic versions and all copies of books, records, documents, accounts and all other instruments and papers.

    a. All banks, brokerage firms, financial institutions, and other persons or entities which have possession, custody or control of any Receivership Property or any assets or funds held by, in the name of, or for the benefit of, directly or indirectly, who, if required to be noticed by law, receive actual notice of this Order by personal service, email, facsimile transmission, or otherwise shall: Not liquidate, transfer, sell, convey or otherwise transfer any assets, securities, funds, or accounts in the name of or for the benefit of the Defendants except upon instructions from the Receiver;

    b. Not exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receiver's control without the permission of this Court;

    c. Within five (5) business days of receipt of that notice, file with the Court (in redacted form if required by F.R.Civ.Pro 5.2) and serve on the Receiver a sworn statement setting forth, with respect to each such

account or other asset, the balance in the account or description of the assets as of the close of business on the date of receipt of the notice; and,

d. Cooperate expeditiously in providing information and transferring funds, assets and accounts to the Receiver or at the direction of the Receiver.

V. **Access to Personal Property**

A. The Receiver is authorized to take immediate possession of all real, personal, tangible and intangible property of the Defendants pertaining to the Receivership Property, wherever located, including but not limited to electronically stored information, user credentials, software usernames and passwords, computers, laptops, hard drives, external storage drives, and any other such memory, media or electronic storage devices, books, papers, data processing records, evidence of indebtedness, bank records and accounts, savings records and accounts, brokerage records and accounts, certificates of deposit, stocks, bonds, debentures, and other securities and investments, contracts, mortgages, furniture, office supplies and equipment.

B. The Receiver is authorized to open all non-attorney-client privileged mail directed to or received by or at the offices or post office boxes of the Defendants, and to inspect all mail opened prior to the entry of this Order, to determine whether items or information therein fall within the mandates of this Order.

VI. **Notice to Third Parties**

A. The Receiver is authorized to promptly give notice, which may be electronic, of his appointment to all known officers, directors, agents, employees, shareholders, creditors, debtors, managers and general and limited partners of

the Defendants, as the Receiver deems necessary or advisable to effectuate the operation of the receivership.

B. All persons and entities owing any obligation, debt, or distribution with respect to an ownership interest pertaining to the Receivership Property shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if the Defendants had received such payment.

C. The Receiver is authorized to instruct the United States Postmaster to hold and/or reroute mail which is related, directly or indirectly, to the business, operations or activities of any of the Defendants (the "Receiver's Mail"), including all mail addressed to, or for the benefit of, the Defendants. The Postmaster shall not comply with, and shall immediately report to the Receiver, any change of address or other instruction given by anyone other than the Receiver concerning the Receiver's Mail. The Defendants shall not open any of the Receiver's Mail and shall immediately turn over such mail, regardless of when received, to the Receiver.

## VII. Injunction Against Interference with Receiver

A. The Defendants and all persons receiving notice of this Order by personal service, email, facsimile or otherwise, are hereby restrained and enjoined from directly or indirectly taking any action or causing any action to be taken, without the express written agreement of the Receiver, which would:

  a. Interfere with the Receiver's efforts to take control, possession, or management of any Receivership Property; such prohibited actions include but are not limited to, using self-help or executing or issuing or

8

        causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any Receivership Property;

  b. Hinder, obstruct or otherwise interfere with the Receiver in the performance of his duties; such prohibited actions include but are not limited to, concealing, destroying or altering records or information;

  c. Dissipate or otherwise diminish the value of any Receivership Property; such prohibited actions include but are not limited to, releasing claims or disposing, transferring, exchanging, assigning or in any way conveying any Receivership Property, enforcing judgments, assessments or claims against any Receivership Property or any Defendant with respect to the Receivership Property, attempting to modify, cancel, terminate, call, extinguish, revoke, foreclose upon, enforce default provisions or accelerate (the due date) of any lease, loan, mortgage, indebtedness, security agreement or other agreement executed by any Defendants with respect to the management, maintenance and control of any Receivership Property or which otherwise affects any Receivership Property; or,

  d. Interfere with or harass the Receiver, or interfere in any manner with the exclusive jurisdiction of this Court over the Receivership Property.

B.    The Defendants and Extended Entities shall cooperate with and assist the Receiver in the performance of his duties.

  C. The Receiver shall promptly notify the Court of any failure or apparent failure of any person or entity to comply in any way with the terms of this Order.

## VIII. Managing Assets

  A. The Receiver may, without further Order of this Court, transfer, compromise, abandon or otherwise dispose of any Receivership Property in the ordinary course of business, on terms and in the manner the Receiver deems most beneficial to the Receivership Property and with due regard to the realization of the true and proper value of such Receivership Property, The Receiver may sell assets outside of the ordinary course of business with Court approval. The Receivership Property, with Court approval, may be sold, transferred or disposed, free and clear of any liens, claims or encumbrances, with such liens, claims or encumbrances attaching to the proceeds.

  B. The Receiver is authorized to take all actions to manage and maintain the business operations of the Defendants as they pertain to the Receivership Property, including, but not limited to, making legally required payments to employees, and agents of the Defendants and communicating with vendors, investors, governmental and regulatory authorities, and others, as appropriate.

  C. The Receiver is authorized to use cash collateral that is a part of the Receivership Property as appropriate to administer his duties, including, but not limited to, the payment of employee payroll, professional fees, and other operating expenses.

  D. The Receiver is authorized to borrow funds for purposes relating to the Receivership Property.

IX. **Liability of Receiver**

   A. Until further Order of this Court, the Receiver shall not be required to post bond or give an undertaking of any type in connection with his fiduciary obligations in this matter.

   B. The Receiver and his agents, acting within scope of such agency ("Retained Personnel," as further described in Paragraph X.B. below) are entitled to rely on all outstanding rules of law and Orders of this Court and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree. In no event shall the Receiver or Retained Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as Receiver or Retained Personnel, nor shall the Receiver or Retained Personnel be liable to anyone for any actions taken or omitted by them except upon a finding by this Court that they acted or failed to act as a result of malfeasance, bad faith, gross negligence, or in reckless disregard of their duties.

   C. The Receiver is authorized to purchase errors and omissions insurance, to be paid by the Receivership Property, as the Receiver deems appropriate. This Court shall retain jurisdiction over any action filed against the Receiver or Retained Personnel based upon acts or omissions committed in their representative capacities.

   D. In the event the Receiver decides to resign, the Receiver shall first give written notice to the Court of its intention, and the resignation shall not be effective until the Court appoints a successor. The Receiver shall then follow such instructions as the Court may provide.

X. **Fees, Expenses and Accountings**

   A. Subject to Paragraphs B - D immediately below, the Receiver need not obtain Court approval prior to the disbursement of Receivership funds for expenses in the ordinary course of the administration and operation of the Receivership. Further, prior Court approval is not required for payments of applicable federal, state or local taxes.

   B. Subject to Paragraph C immediately below, the Receiver is authorized to solicit professional persons and entities ("Retained Personnel") to assist him in carrying out the duties and responsibilities described in this Order. The Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receivership Property. Such compensation for the Receiver and Retained Personnel (other than ordinary course professionals) shall be paid on an interim monthly basis subject to review and approval of the court.

   C. The Receiver and Retained Personnel shall receive compensation on an interim monthly basis subject to review and approval by the Court after each calendar quarter. Within sixty (60) days after the end of each calendar quarter, the Receiver and Retained Personnel shall be paid on an interim monthly basis subject to review and approval of the court.

ENTERED:
DATED: 2/8/19

_____
JUDGE

**AGREED TO AND STIPULATED BY:**

JH Portfolio Debt Equities, LLC

_____
By authorized representative

JH Portfolio Debt Equities 2, LLC

_____
By authorized representative

JH Portfolio Debt Equities 4, LLC

_____
By authorized representative

JH Reviver LLC

_____
By authorized representative

# EXHIBIT A

The "Receivership Property" means and includes:

(a) The Collateral (as defined below);

(b) All cash, cash on hand, checks, cash equivalents, credit card receipts, demand deposit accounts, bank accounts, cash management or other financial accounts, bank or other deposits and all other cash collateral (all whether now existing or later arising); current and past due earnings, revenues, rent, issues and profits, accounts or accounts receivable (all whether unpaid, accrued, due or to become due); and all other gross income derived with respect to the Collateral, regardless of whether earned before or after entry of this Order (collectively "Income"); all of the Defendants' interests in the following entities: JH Met Asset Entity LLC, JFI CX Asset Entity LLC, JHPDE Finance I, LLC; and

(c) All permits, licenses, other contracts, software user names and passwords, software user credentials and other intangible property pertaining to the Receivership Property and the operations of the Defendants with respect to the management, maintenance and control of the Receivership Property or the Defendants.

The "Collateral" means and includes:[1]

All of the personal property now owned or at any time hereafter acquired by each Defendant or in which such Defendant now has, or at any time in the future may acquire any right, title or interest, including all of such Defendant's:

(a) Accounts, Certificated Securities, Chattel Paper, Commercial Tort Claims which are listed on Schedule 2.7, Deposit Accounts, Documents, Electronic Chattel Paper, Equipment, Farm Products, Financial Assets, Fixtures, General Intangibles, Goods, Health Care Insurance Receivables, Instruments, Intellectual Property, Inventory, Investment Property, Leases, Letter-of-Credit Rights, money (of every jurisdiction whatsoever), Payment Intangibles, Securities, Security Entitlements, Securities Accounts, Supporting Obligations, Tangible Chattel Paper and Uncertificated Securities, other than any interest of a Grantor in the Excluded Assets;

(b) All Software and computer programs;

(c) all books and records pertaining to any of the foregoing (regardless of the medium of recording or storage), together with all of such Defendant's right, title and interest in and to all computer software required to utilize, create, maintain and process any such records or data on electronic media; and (d) All Proceeds (whether Cash Proceeds or Noncash Proceeds), products, offspring, rents, issues, profits and returns of and from any of the foregoing of the foregoing property, including all insurance policies and proceeds of insurance payable by reason of loss or damage to the foregoing property, including unearned premiums, and of eminent domain or condemnation awards.

---

[1] Any terms used and not defined herein aer used as defined in the Security Agreement attached as Exhibit C to the Complaint (Dkt. 1).

Notwithstanding the foregoing, the Collateral and the Receivership Property shall not include: (a) any Defendant's Equity Interests in Credit Control, LLC, Credit Control Holdings, Inc. or CreditMax Holdings, LLC, (b) any Defendant's Equity Interests in JHPDE Finance I, LLC or JHPDE SPV II, LLC (f/k/a JHPDE Finance 2, LLC), (c) any Excluded Subsidiary Portfolios and (d) any proceeds of the foregoing.

For the avoidance of doubt, notwithstanding any language to the contrary in the definition of 'Receivership Property' above, the Receivership Property shall not include: any interest that one or more Defendants may have in JHPDE Finance I, LLC, including, without limitation, any contractual rights that the Defendants may have pursuant to contracts either: (a) with JHPDE Finance I, LLC; (b) relating to JHPDE Finance I, LLC; or (c) relating to any Excluded Subsidiary Portfolio.

As used herein:

"Equity Interests" means, with respect to any person or entity (a "Person"), all of the shares of capital stock of (or other ownership or profit interests) such Person, all of the warrants, options or other rights for the purchase or acquisition from such Person of shares of capital stock of (or other ownership or profit interests in) such Person, all of the securities convertible into or exchangeable for shares of capital stock of (or other ownership or profit interests in) such Person or warrants, rights or options for the purchase or acquisition from such Person of such shares (or such other interests), and all of the other ownership or profit interests in such Person (including partnership, member or trust interests therein), whether voting or nonvoting, and whether or not such shares, warrants, options, rights or other interests are outstanding on any date of determination.

"Excluded Subsidiary" means a subsidiary of any Defendant that is not a Defendant.

"Excluded Subsidiary Portfolios" means portfolios of charged-off auto, credit card, student, and other consumer loans acquired for the sole economic benefit of an Excluded Subsidiary (for the avoidance of doubt, until an Excluded Subsidiary becomes a duly licensed debt purchaser, JH Portfolio Debt Equities, LLC shall have legal title to Excluded Subsidiary Portfolios while such Excluded Subsidiary will have 100% of the economic interests in such Excluded Subsidiary Portfolios pursuant to a trust and participation arrangement).